**IN THE UNITED STATES DISTRICT COURT**

**FOR THE CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| YTALO PIERRE MONTALVAN VASQUEZ,<br><br>         Petitioner,<br><br>    v.<br><br>ERNESTO SANTACRUZ, *et al.*,<br><br>         Respondents. | Case No. 5:26-cv-02342-FMO-RAO<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS** |

Petitioner, an immigrant detainee represented by counsel, filed a verified petition for writ of habeas corpus under 28 U.S.C. § 2241 ("Petition"), on May 4, 2026. Dkt. No. 1 ("Pet."). On May 8, 2026, Petitioner filed a Motion for Temporary Restraining Order ("TRO Application"). Dkt. No. 6. On May 11, 2026, Respondents filed an answer to the Petition stating they "are not presenting an opposition argument at this time." Dkt. No. 8 at 2. Consequently, the verified facts set forth in the Petition, the legal arguments, and the relief requested are uncontested. For the reasons set forth below, the Court GRANTS the Petition and DENIES the TRO Application as MOOT.

///

///

Petitioner is a citizen of Peru.  Pet. ¶ 17.  The government paroled Petitioner into the United States to pursue asylum on March 12, 2022.  *Id.* ¶¶ 5, 17.  Petitioner has complied with all immigration procedures, court orders, and appearances.  *Id.* ¶ 18.  Petitioner further states that he has no criminal history, has established ties to the community, and poses no risk to public safety.  *Id.* ¶¶ 18, 20–22.

Petitioner timely appealed the immigration judge's removal order to the Board of Immigration Appeals.  *Id.* ¶ 23.  Additionally, Petitioner requested a custody redetermination, however, on April 23, 2026, the immigration court determined that Petitioner is not eligible for bond because the immigration judge lacks jurisdiction.  *Id.* ¶ 24; Dkt. No. 1-4.

The Petition states that Petitioner is currently detained in Adelanto ICE Processing Center in Adelanto, California.  *See* Pet. ¶¶ 1, 15, 28.  The publicly available ICE records confirm Petitioner's detention within this District.  Petitioner argues, *inter alia*, that his detention violates his constitutional due process rights.  *Id.* ¶¶ 35–40.  The Petition seeks relief, *inter alia*, in the form of Petitioner's immediate release or an order directing Respondents to provide Petitioner with a bond hearing.  *Id.* at 7.

Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States[.]" 28 U.S.C. § 2241(c)(3).  The writ of habeas corpus is "available to every individual detained within the United States."  *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004).  Petitioner's requested relief is a declaration that his continued detention violates the Due Process Clause of the Fifth Amendment and an order that he be released immediately.  Pet. at 7.  As this Court (and others) have already ruled, individuals conditionally released from custody, such as noncitizens released on parole during immigration proceedings, have a liberty interest in their continued conditional

release, which must be protected by adequate procedural safeguards. *See Juarez Fernandez v. Semaia*, No. CV 25-3412-SPG (MBK), 2026 WL 136229, at *6 (C.D. Cal. Jan. 13, 2026); *Sheng Kun v. Janecka*, No. CV 26-1280-DMG (AYP), 2026 WL 931541, at *4 (C.D. Cal. Apr. 3, 2026).  Given Respondents' non-opposition (*see* C.D. Cal. L.R. 7-12), Petitioner's prior release status, the lack of any apparent change in circumstances or justification for terminating that release, and the absence of procedural safeguards accorded to Petitioner in advance of his re-detention, the Court finds that it is appropriate to grant the Petition.  *See id.*

In light of the foregoing, the Court GRANTS the Petition and orders Petitioner to be released forthwith, subject to any former conditions of release.  Additionally, Petitioner's TRO Application is DENIED as MOOT.

The Court also orders that Respondents shall not re-detain Petitioner without notice and a future pre-deprivation hearing.  Respondents shall return any confiscated property and documents to Petitioner upon his release.  Finally, Respondents shall file a status report regarding compliance with this order within five court days of its entry.

IT IS SO ORDERED.

DATED:  May 13, 2026

/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

3